PROB 12A  
(NYEP-11/25/02)

Sr. USPO Korb/Clinton St., B'klyn

# United States District Court
## for
## Eastern District of New York
### Report on Offender Under Supervision



FILED
IN CLERK'S OFFICE
U.S. DIST... B'KLYN OFFICE

Name of Offender: **Eddie Gravely**   Case Number: **CR-04-048**

Name of Sentencing Judicial Officer: **The Honorable Nicholas G. Garaufis, U.S. District Judge**

Date of Original Sentence: **July 28, 2004**

Original Offense: **18 U.S.C. 922 (a)(1)(A), Unlicensed Dealing In Firearms, a class D felony**

Original Sentence: **Thirty (30) months of custody, a $100 special assessment and three (3) years of supervised release with the following special conditions: 1. The offender shall not possess a firearm or destructive device; 2. As a search condition, the offender shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found; the search must also be conducted in a reasonable manner and at a reasonable time; failure to submit to a search may be grounds for revocations; the offender shall inform any other residents may be subject to search pursuant to this condition.**

Type of Supervision: **Supervised Release**   Date Supervision Commenced: **December 19, 2002**

===================================================================
## NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | New Arrest: Criminal Mischief: Intent to Damage Property. |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 24 2006 ★
BROOKLYN OFFICE

U.S. Probation Officer Action:

On June 14, 2006, the offender was arrested and charged by the New York City Police Department (NYPD) with Criminal Mischief in the 4th Degree, Intent To Damage Property, a class A misdemeanor. Specifically, the offender had telephonically contacted the undersigned via cellular phone on the evening of June 14, 2006, to advise that he was in the middle of a domestic dispute with his live-in girlfriend, Marcia Allen, at the couple's residence located at 114 New Street in Staten Island, New York. The offender acknowledged he attempted to enter the residence through a rear kitchen window, after having had come home from work that date and found his girlfriend had changed the locks. Ms. Allen was home at this time and allegedly informed the offender he was no longer welcomed in the residence. The offender stated he became frustrated and punched the window while yelling at Ms. Allen, who then allegedly stated she was calling the police and the probation department to have the offender "arrested and violated." The undersigned directed the offender to leave the residence due to the domestic nature of the incident, and report to the nearby 120th Police Precinct in Staten Island, New York. The offender reported to the precinct as directed and was subsequently arrested and charged as above-noted. He was released on a $500 bail on the following morning and his next court appearance in Staten Island Criminal Court is scheduled on August 10, 2006. It is further noted that the offender was served an Order Of Protection, directing him to stay away from Ms. Allen as a result of the above-noted arrest. A copy of the arrest report is enclosed.

The undersigned, who was conducting field work at the time, later received a phone call that evening from Ms. Allen stating she and the offender had had a week long argument, and that she had changed the locks after the offender left for work that morning. She advised she did not want the offender to return to her residence and that she had called the police to make a criminal complaint regarding the damages to her kitchen window. It should be noted that Ms. Allen advised that the offender did not assault her and she claimed there was no prior history of domestic violence. The offender has made restitution towards the broken window via a third party (the offender's mother) and the former girlfriend is allegedly not pursuing any criminal charges at this time.

Since the onset of supervision on January 13, 2006, the offender has maintained stable employment at the Foot Locker in Manhattan and until his arrest, had maintained residence with Ms. Allen at 114 New Street. Effective June 15, 2006, the offender relocated to his uncle, Todd Gravely's residence at 84 Grandview Avenue in Staten Island, New York. The offender was advised to not have any further contact with Ms. Allen and he stated he fully understood and that the relationship is dissolved.

Based on the above-mentioned, the Probation Department respectfully requests no action be taken at this time. Should your Honor agree, we will continue to closely monitor the offender and advise the Court of any future incidents.

Respectfully submitted by,

Adriana Korb  7/7/2006
Sr U.S. Probation Officer   Date

Approved by,

Jill D. Williams  /Ak 7/7/06
Supervising U.S. Probation Officer   Date

THE COURT ORDERS:
☒ No Action
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other:

_____  7/17/06
Signature of Judicial Officer   Date